UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                        CIVIL ACTION NO. 2:10-CV-01007

$475,823.75, MORE OR LESS,
IN UNITED STATES CURRENCY,

                Defendant.


(Myra C. Miller, and
 John J. Miller;
 No pending federal criminal charges)


## PROPOSED PLAN

Pursuant to an Order of the Court filed December 7, 2010 (Doc. 11), the plaintiff, United States of America, by counsel, Betty A. Pullin, Assistant United States Attorney, and the claimants Myra C. Miller and John J. Miller, by their counsel, John D. Wooton, Esquire, have conferred by telephone and by email correspondence on December 16, 2010, and hereby submit this proposed plan for the just, speedy and inexpensive determination of this action:[1]

---

[1]The parties understand and agree that civil in rem forfeiture actions are exempt by Local Rule 16.1(g)(14) from the requirements of Fed.R.Civ.P. 16(b) (issuance of a scheduling order) and Fed.R.Civ.P. 26(f) (discovery planning conference), and by Local Rule 16.1(g)(14) and Fed.R.Civ.P. 26(a)(1)(B) from the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) through (4).  However, in an effort to comply with the Court's Order of December 7, 2010, the parties are using certain guidelines in those provisions for its discovery plan in this case.

1.   Plaintiff should be allowed until March 1, 2011, to join additional parties and until March 1, 2011, to amend the pleadings;

2.   Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

a.   Discovery will be needed on the issues of (1) the connection between the defendant currency and criminal activity, including but not limited to sources of income; and (2) innocent ownership.

b.   This civil action is not suitable for designation as a complex case requiring special case management procedures and additional pretrial conferences.

c.   The last date to serve discovery requests is April 27, 2011.  The last date on which to take a discovery deposition is June 10, 2011.  The last date on which to take a discovery deposition is known as the "discovery completion date." All discovery is to be completed in this civil action by June 10, 2011.

d.   The parties adopt the following discovery limits in this civil action:

(1)  A maximum of 40 interrogatories by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 33.

(2) A maximum of 40 requests for production of documents by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 34.

(3) A maximum of 40 requests for admission by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 36.

(4) A maximum of 20 depositions by plaintiffs and 20 depositions by the claimants.  Each deposition shall be limited to a maximum of five (5) hours unless extended by agreement of the parties.

e.   Reports from retained experts under Fed.R.Civ.P. 26(a)(2)[2] shall be due from plaintiff on April 12, 2011, and from claimants on May 12, 2011.  Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party shall be in accordance with Fed.R.Civ.P. 26(a)(2) and shall be due by May 28, 2011.

f.   Supplementations under Fed.R.Civ.P. 26(e) shall be served as required by the Federal Rules of Civil Procedure.

g.   Electronically stored evidence:  This is a case involving the forfeiture of proceeds traceable to the unlawful distribution and/or dispensation of controlled substances and conspiracy to engage in those activities.  The plaintiff has numerous medical records and copies of business records of the

---

[2]See footnote 1.

3

medical clinic involved and financial records relating to the claimants' personal and business activities. These numerous records are being scanned into a computer database and bates-stamped for use in this and other related proceedings and copies of these records will be provided to counsel for the claimants on computer disks. Otherwise, it is not anticipated that disclosure of electronically stored information will be necessary but, in the unlikely event it is necessary, all electronically stored information subject to discovery shall be disclosed in accordance with the Federal Rules of Civil Procedure, with each party reserving the right to assert proper objections.

3.   Magistrate Judges will resolve discovery disputes.

4.   Mediation, if jointly requested by the parties or ordered by the Court, shall take place on or before May 12, 2011.

5.   Potential dispositive motions shall be filed by May 23, 2011, with responses and replies due and to be filed in accordance with the Local Rules.

6.   Pretrial Order and Pretrial Conference.

(a)   The plaintiff shall complete its portion of the pretrial order and submit it to the claimants on or before September 20, 2011.

(b)   The claimants shall compile a proposed integrated pretrial order and submit it to the chambers of the presiding judicial officer on or before September 27, 2011.

4

(c) The parties request a pretrial conference during the week of October 3, 2011.

7.   Final lists of witnesses under Fed.R.Civ.P. 26(a)(3)[3] shall be due from the plaintiff on September 9, 2011, and from the claimants on September 16, 2011.  Objections to the final lists of witnesses and exhibits are due on September 23, 2011.

8.   Proposed findings of fact and conclusions of law shall be exchanged and transmitted to the chambers of the presiding judicial officer in WordPerfect format on or before October 11, 2011.

9.   A final settlement conference shall take place one day prior to the trial.

10.  This case should be ready for trial during the week of October 17, 2011, and at this time, the trial is expected to take 4-5 trial days to complete.

The parties do not request a conference with the Court before the entry of the scheduling order.

DATED: This 16th day of December, 2011.

---

[3]See footnote 1.

UNITED STATES OF AMERICA,
Plaintiff

By Counsel

R. BOOTH GOODWIN II
United States Attorney

By:   s/Betty A. Pullin
      Betty A. Pullin, WV Bar Number: 5590
      Attorney for the United States
      United States Attorney's Office
      300 Virginia Street, East, Room 4000
      Charleston, West Virginia 25301
      Telephone: (304) 345-2200
      Fax: (304) 347-5440
      Email: betty.pullin@usdoj.gov




MYRA C. MILLER and JOHN J. MILLER,
Claimants

By Counsel

By:   s/John D. Wooton
      John D. Wooton, WV Bar Number: 4138
      Attorney for the Claimants
      The Wooton Law Firm
      201 N. Kanawha Street
      P. O. Drawer 2600
      Beckley, West Virginia 25801
      Telephone: (304) 255-2188
      Fax: (304) 255-2189
      Email: John@Wootonlaw.com