UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.                 Civil Action No: 2:10-1007

$475,823.75, MORE OR LESS,
IN UNITED STATES CURRENCY;
TWO REAL PROPERTIES IN
WEST VIRGINIA and ONE REAL
PROPERTY IN KENTUCKY, together
With all improvements thereon
And appurtenances thereto,

    Defendants.

RESPONSE TO AMENDED VERIFIED COMPLAINT OF FORFEITURE

For Answer to the Amended Verified Complaint, now comes Myra Miller, and responds to the Amended Verified Complaint filed by the United States of America, and answers and says:

1. This individual denies that any sums of money or real estate were furnished in exchange for one or more controlled substances and further deny that they constitute proceeds traceable to such an exchange, and further deny they were used or intended to be used to facilitate one or more controlled substance violations, and further that any conspiracy to commit such violation.

2. The defendant admits that the sum of money as referenced was seized from her residence; defendant admits the sum of the alleged seize from her bank account.

3. The defendant is without sufficient information to either admit or deny the allegations of paragraph 3.

4. This defendant, Myra Miller, thinks that the property referenced in paragraph 4(A) is owned by a separate entity, whom is not a party to this proceeding.

    1) This defendant admits that WD, LLC is a member managed liability company and a separate entity, which is not a party to this action.

    2) This respondent admits that at the time of organization, WD,LLC was member managed by Myra Miller as a sole member.

    3) This respondent admits that the address of WD,LLC is listed with the Secretary of State is 35 West 3rd Street, Williamson, WV 25661.

    4) This respondent advises that the reference of the deed speaks for itself.

    B(1) The property in Center District of Gilmer County is as referenced.

    B(2) The respondent, Myra Miller, admits that the deed speaks for itself.

B(3) The respondent admits there is a deed of trust on the property.

C. The respondent admits the property references in Kentucky, which are outside the jurisdictional boundaries of this Court, and this, being an in rem proceeding, lacks jurisdiction over this property.

C(1) The respondent advises the Deed speaks for itself.

C(2) The respondent advises the Deed speaks for itself.

C(3) The respondent admits there is no release of the mortgage on said property.

D. This respondent denies that the real properties are vested in the United States through commission of the acts giving rise to forfeiture and denies any acts of forfeiture. Furthermore, the respondent advises that the petitioner herein, the United States of America, by and through the United States Attorney for the Southern District of West Virginia, lacks in rim or subject matter jurisdiction over the property outside the confines of the Southern District of West Virginia, and further has failed to join an indispensable party, and further seeks to join properties outside the jurisdictional boundaries of this Court.

5. Denied.

6. This respondent denies #6.

7. This respondent denies #7.

8. This respondent advises that the plaintiff has failed to meet the necessary criteria for an arrest warrant <u>in rem</u> pursuant to Supplemental Rule G(3)(b)(i).

9. This respondent admits that the government has not seized any real property.

10A. This defendant admits that during the times alleged the medical clinic operated under the name of The Williamson Wellness Center as alleged. This clinic at that time was operated by various physicians and medical staff, but denies that Myra C. Miller was ever employed as a physician or medical staff.

B. This respondent admits that at some time the name of the clinic was changed as alleged.

B(1) This defendant advises the records speak for themselves, and that to this event Mountain Medical was a professional limited liability company that was organized, controlled and owned by Camille Helsel.

B(2) This defendant admits that the records indicate that Myra Miller was in fact identified as a member, but denies that she ever agreed to it or ever acted as a member, and advises that she was included as a member of this entity without her knowledge, or consent.

B(3) The said Myra Miller admits that she signed the annual reports, only as directed, and only signed them in her capacity at that time as office manager, not as a member of any partnership nor legal entity.

B(4) The defendant denies that the mailing address is as alleged, but the correct address is the address of the clinic.

B(5) This defendant admits that the owner of the clinic at that time was Camille Helsel.

6. The records of the Secretary of State reflect various changes, not all known to this respondent; moreover, the staff did frequently change, and the manner of operation varied by the ownership.

(C) William F. Ryckman, M.D., did acquire the clinic in early 2009 and made various changes to the operation.

(D) This respondent, upon her information and belief, states that the various physicians were employed by the clinic who were licensed to practice in the State of West Virginia, including Dr. Katherine Hoover and others.

(E) This respondent believes that at all times the physicians had valid DEA registrations and were authorized to prescribe various prescriptive drugs. This defendant is without knowledge as to what the DEA records indicate.

(F) This respondent admits that she was employed as an officer manger of the clinic, although the ultimate supervisory

authority was always with the ownership of the clinic. This respondent admits that she did perform her job, although the hours of operation, and hiring and terminating employees were always subject to direction by her superiors, and that she did on occasion hire employees, as directed, although the work hours of the physicians and staff were always determined by the ownership of the clinic. This defendant denies scheduling and/or managing the work hours of the physicians. She admits as an office manager that she was directed to be involved in financial affairs in the Clinic, including overseeing that bills were paid, and overseeing the payroll and expenses of the clinic. The said Myra Miller admits that she was compensated at an appropriate salary and further states that all taxes were withheld and paid on all earnings.

(G) This defendant denies there were any unlawful prescription practices and further denies that she was at any time involved in any illegal or unlawful activity. Notwithstanding the same, she does admit that there was a federal seizure executed on her accounts and that the federal authorities have seized from her the sums as mentioned.

(H) This defendant specifically denies that she conspired with or aided and abetted any physician employed by the clinic in prescribing or otherwise distributing certain controlled substances to patients and employees of the clinic, and further

denies that she conspired with or aided and abetted any prescription to John J. Miller outside of the usual course of professional practice and further denies that she conspired to misuse any of the DEA registration numbers of any physician.

(I)   This defendant admits that at all times the physicians employed at the clinic, to the best of her knowledge, had valid DEA registration numbers and they were authorized to prescribe controlled substances.

(J)   This defendant is not a physician, and at no time did this defendant issue any prescription or participate in the issuance of any prescription to any person.  Furthermore, this defendant is unaware of any violations of 21 U.S.C. Section 843(a)(2) and further is unaware of the use of DEA registration number issued to another person in violation of any law.

(K)   This defendant is not a physician and did not violate any laws with regard to any controlled substance or otherwise in regard to her employment as an office manager.

(L)   This defendant admits the term controlled substance is defined by various laws, particularly 21 U.S.C. Section 812 and 21 C.F.R. Section 1308.11 through 1308.15.  This defendant also is aware that Lortab is a name for a brand of hydrocodone and that Xanax is a trade name for Alprazolam.  This defendant is unaware of the effect of the two drugs taken together.

(M) This defendant admits that the term to distribute is a term defined by U.S. Code, but denies that at any time that she distributed any drugs in violation of law.

11(A) Defendant admits paragraph 11(a) insofar and only insofar that she admits the patient made an initial visit, were charged a fee, either personally or from a third party payor, but the fee was not uniform. She also admits that Medicare and Medicaid were not accepted and further admits that many patients paid in cash, but did not always receive prescriptions as alleged.

11(B) Defendants admit that the patient was seen by a physician, or other health care professionals, and various medical tests may have been performed, including MRIs and x-rays. This defendant denies that all controlled substance prescriptions were called into pharmacies and further denies that patients were given a list of approved pharmacies, but instead there was a list posted of local pharmacies. Pharmacies were selected solely at the discretion of the patient. This defendant also admits that refills were not routinely given, but were on occasion and at the discretion of the physicians or other health care providers.

11 (c) Defendant denies the allegations of paragraph c with regard to the patient not seeing a physician. The patient was seen by a medical provider and was rendered medical care

concerning complaints registered by the patient at the time. Defendant also admits that patients did pay, although payments were not uniform, and payments were on various occasions made by third party payors.

12. Defendant denies that she called in controlled substance prescriptions in the amounts alleged during the times alleged, and further deny the accuracy of the assumption of the number of patients seen on a daily basis. Defendant also denies that she ever directed the issuance of any prescription or utilized any DEA number and further denies that any prescriptions were ever issued during a time a medical provider was not on the premises.

(A) This defendant denies that prescriptions for controlled substances were ever issued at this defendant's direction, but does admit that prescriptions were issued pursuant to proper medical protocol with the medical staff there working at the clinic; and this defendant denies prescriptions were issued simply by paying the fee, and denies they were issued without examination and also denies the assumption of the monthly regular basis for many patients.

(B) This defendant is unaware as what is widely known, but does admit that she was employed as office personnel, and had the title of officer manager, but denies she was the person in control. Defendant denies that she ever signed a DEA

registration number; defendant advised that she never directed a use of a DEA registration number.

(c) Denied.

(D) This defendant is unaware of what patients have reported, but all patients saw a health care provider. Their prescriptions were always signed by a physician on duty who either examined the patient or renewed their chart.

13. This defendant is without sufficient information to either admit or deny the allegations of paragraph 13, insofar and only insofar as it contains allegations against Dr. Hoover. However, this defendant specifically denies that she dictated any specific requirement as to which DEA number to use, other than relaying information from the physician or medical personnel on duty at that time.

14. This defendant is unable to either admit or deny the allegations of paragraph 14, as she is unfamiliar with any law enforcement contact with the office, but does further state that the clinic did maintain regular office hours.

15. Denied.

16. Myra Miller admits that she was paid wages for all amounts reported on her income tax returns and for W2s received by her therefore.

17. Myra Miller admits that she and John J. Miller formed a corporation named Moo Management, Inc., as a business and said business did have a loss.

18. This defendant admits that she and John J. Miller did form a corporation known as JWDM, Inc., with an address in Williamson, West Virginia.

19. This defendant admits that John J. Miller does receive a disability check from his retirement with the West Virginia State Police.

20. This defendant denies that her salary was excessive, and further vehemently denies the clinic was unlawfully operated and further vehemently denies that it constituted a "pill mill" and further denies that any proceeds derived by Myra Miller in the form of either salary, bonus or otherwise from the clinic constitute proceeds or is traceable to proceeds of one or more violations of the law, and thus would not be subject to forfeiture.

21. Denied.

22. Denied.

23. This defendant admits that she did maintain an active account together with her husband, and the bank account was used to pay various payments, including payments, mortgages, insurance, etc. She also admits that she deposited money from

her income at the clinic, but also says money was deposited from other sources, including but not limited to inheritance.

24. The defendant admits that the residence is 231 Central Avenue in South Williamson, Kentucky.

 A. Admitted.

 B. Admitted.

 C. Admitted.

 D. Admitted.

 E. Admitted.

 F. Denied.

 G. Admitted.

 H. This defendant admits that there is a mortgage deed of trust payable to BB & T in the amount of $160,000.00. The defendant is without knowledge whatsoever as to where any information about a bank loan for a hunting trip to Africa is obtained, and further specifically denies that allegation.

 I. Admitted.

 J. Admitted.

 K. Denied.

23. Admitted to the property, but deny the parental relationship.

 A. Admitted.

 B. Admitted.

C. Denied. This defendant specifically denies that this property is subject to forfeiture.

24. This defendant denies that she obtained any property as alleged in paragraph 24. This defendant does believe that her company, WD, LLC, which is not a party to this entity, did acquire property through various deeds.

A. Denied.

B. Denied.

25. This defendant specifically denies that she conspired with any person or any entities to violate any laws whatsoever and specifically denies the allegations of paragraph 25.

26. This defendant denies that any of her property, either real or personal, is subject to forfeiture and further denies any violation of law, which would give right to which forfeiture is a remedy.

## AFFIRMATIVE DEFENSES

1. The petition for forfeiture, is an in rem petition, that attempts to forfeit property not subject to the jurisdiction of this Court, to wit: property that is located in another jurisdiction, to wit: the State of Kentucky.

2. The petition for forfeiture has failed to include indispensable parties.

3. The petition fails to state a cause of action upon which relief can be granted.

4. The petition is barred by the Doctrine of Laches.

5. The petition and the relief requested therein is barred on the statute of limitations.

6. The petition fails to state a cause of action upon which relief can be granted.

Wherefore, Myra Miller specifically requests that the Court dismiss the plaintiff's petition, and deny the relief requested therein and that judgment be entered declaring the defendant's property be returned to the rightful owners, and the Court determine that there is no lawful nor prohibitive conduct conducted by this defendant, and the Government be ordered to pay the costs incurred in the defense of this action, including attorney fees, and to grant this defendant such other relief as this Honorable Court deem appropriate.

                                MYRA C. MILLER
                                BY COUNSEL

THE WOOTON LAW FIRM

BY:    John D. Wooton
      JOHN D. WOOTON (4138)
      P.O. Box 2600
      Beckley, WV 25802-2600

From: 04/04/2011 16:23 #846 P.002/002
FROM (MON)APR 4 2011 4:10/ST. 4:05/No. 7500000255 P 1

## **VERIFICATION**

STATE OF WEST VIRGINIA,

COUNTY OF Mingo, TO-WIT:

I, Myra C. Miller, after being first duly sworn, depose and say that the facts contained in the heretofore served "Response to the Amended Verified Complaint of Forfeiture" are true, except insofar as they are therein stated to be upon information and belief, and that as they are therein stated to be upon information and belief, I believe them to be true.

_Myra C. Miller_
Myra C. Miller

Taken, subscribed and sworn to by me this 4th day of April 2011, 2011.

_Delilah F Baisden_
Notary Public

My commission expires: March 23, 2014



OFFICIAL SEAL
Notary Public, State of West Virginia
DELILAH F BAISDEN
35 W. 3rd AVE. STE. 106 WILLIAMSON, WV 25661
My Commission Expires March 23, 2014