UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    CIVIL ACTION NO. 2:10-cv-1007

$475,823.75, MORE OR LESS,
IN UNITED STATES CURRENCY;
TWO REAL PROPERTIES IN
WEST VIRGINIA and ONE REAL
PROPERTY IN KENTUCKY, together
with all improvements thereon
and appurtenances thereto,

Defendants.


(Myra C. Miller, and
 John J. Miller;
 No pending federal criminal charges)


## PROPOSED PLAN

Pursuant to an Order of the Court filed April 1, 2011 (Doc. 25), the plaintiff, United States of America, by counsel, Betty A. Pullin, Assistant United States Attorney, and claimant Myra C. Miller, by her counsel, John D. Wooton, Esquire; claimant John J. Miller, by his counsel, Gregory J. Campbell, Esquire; and claimants/intervenors Henry Vinson, Vinsonian Investments, LLC, and Thirty-Five Third Ave., LLC, by their counsel, Paul Stroebel, Esquire, have conferred by email correspondence on June 2-3, 2011,

and hereby submit this proposed plan for the just, speedy and inexpensive determination of this action:[1]

1.   Plaintiff should be allowed until August 9, 2011, to join additional parties and until August 9, 2011, to amend the pleadings;

2.   Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

a.   Discovery will be needed on the issues of (1) the connection between the defendant currency and criminal activity, including but not limited to sources of income; and (2) innocent ownership.

b.   This civil action is not suitable for designation as a complex case requiring special case management procedures and additional pretrial conferences.

c.   The last date to serve discovery requests is November 4, 2011.  The last date on which to take a discovery deposition is December 19, 2011.  The last date on which to take a discovery deposition is known as the "discovery completion date."

---

[1]The parties understand and agree that civil _in rem_ forfeiture actions are exempt by Local Rule 16.1(g)(14) from the requirements of Fed.R.Civ.P. 16(b) (issuance of a scheduling order) and Fed.R.Civ.P. 26(f) (discovery planning conference), and by Local Rule 16.1(g)(14) and Fed.R.Civ.P. 26(a)(1)(B) from the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) through (4).  However, in an effort to comply with the Court's Order of April 1, 2011, the parties are using certain guidelines in those provisions for its discovery plan in this case.

All discovery is to be completed in this civil action by December 19, 2011.

      d.   The parties adopt the following discovery limits in this civil action:

      (1)  A maximum of 40 interrogatories by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 33.

      (2)  A maximum of 40 requests for production of documents by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 34.

      (3) A maximum of 40 requests for admission by each party to any other party.  Responses shall be due as required by Fed.R.Civ.P. 36.

      (4) A maximum of 20 depositions by plaintiff and a combined total of 20 depositions by the claimants.  Each deposition shall be limited to a maximum of eight (8) hours unless extended by agreement of the parties.

      e.   Reports from retained experts under Fed.R.Civ.P. 26(a)(2)[2] shall be due from plaintiff on October 20, 2011, and from claimants on November 18, 2011.  Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party shall be in accordance with Fed.R.Civ.P. 26(a)(2) and shall be due by December 5, 2011.

---

[2]See footnote 1.

3

f.   Supplementations under Fed.R.Civ.P. 26(e) shall be served as required by the Federal Rules of Civil Procedure.

g.   Electronically stored evidence:  This is a case involving the forfeiture of proceeds traceable to the unlawful distribution and/or dispensation of controlled substances and conspiracy to engage in those activities.  The plaintiff has numerous medical records and copies of business records of the medical clinic involved and financial records relating to the claimants' personal and business activities.  These numerous records have been scanned into a computer database and bates-stamped for use in this and other related proceedings and copies of these records will be provided to counsel for the claimants on computer disks.  Otherwise, it is not anticipated that disclosure of electronically stored information will be necessary but, in the unlikely event it is necessary, all electronically stored information subject to discovery shall be disclosed in accordance with the Federal Rules of Civil Procedure, with each party reserving the right to assert proper objections.

3.   Magistrate Judges will resolve discovery disputes.

4.   Mediation, if jointly requested by the parties or ordered by the Court, shall take place on or before November 18, 2011.

5.   Potential dispositive motions shall be filed by November 29, 2011, with responses and replies due and to be filed in accordance with the Local Rules.

6.    Pretrial Order and Pretrial Conference.

(a)   The plaintiff shall complete its portion of the pretrial order and submit it to the claimants on or before April 3, 2012.

(b)   The claimants shall compile a proposed integrated pretrial order and submit it to the chambers of the presiding judicial officer on or before April 10, 2012.

(c) The parties request a pretrial conference during the week of April 16, 2012.

7.    Final lists of witnesses under Fed.R.Civ.P. 26(a)(3)[3] shall be due from the plaintiff on March 16, 2012, and from the claimants on March 23, 2012.   Objections to the final lists of witnesses and exhibits are due on March 30, 2012.

8.    Proposed findings of fact and conclusions of law shall be exchanged and transmitted to the chambers of the presiding judicial officer in WordPerfect format on or before April 17, 2012.

9.    A final settlement conference shall take place one day prior to the trial.

10.   This case should be ready for trial during the week of May 1, 2012, and at this time, the trial is expected to take 6-8 trial days to complete.

---

[3]See footnote 1.

The parties do not request a conference with the Court before the entry of the scheduling order.

DATED: This 3rd day of June, 2012.

UNITED STATES OF AMERICA, Plaintiff

By Counsel

R. BOOTH GOODWIN II
United States Attorney

By:    s/Betty A. Pullin
       Betty A. Pullin, WV Bar Number: 5590
       Attorney for the United States
       United States Attorney's Office
       300 Virginia Street, East, Room 4000
       Charleston, West Virginia 25301
       Telephone: (304) 345-2200
       Fax: (304) 347-5440
       Email: betty.pullin@usdoj.gov

MYRA C. MILLER, Claimant
By Counsel

By:    s/John D. Wooton
       John D. Wooton, WV Bar Number: 4138
       The Wooton Law Firm
       201 N. Kanawha Street
       P. O. Drawer 2600
       Beckley, West Virginia 25801
       Telephone: (304) 255-2188
       Fax: (304) 255-2189
       Email: John@Wootonlaw.com

JOHN J. MILLER, Claimant
By Counsel

By:   s/Gregory J. Campbell
      Gregory J. Campbell, WV Bar No. 608
      Campbell Law Offices
      1412 Kanawha Boulevard East
      Charleston, West Virginia 25301
      Telephone: (304) 342-4815
      Fax: (304) 344-4038
      Email: gcamlaw@aol.com


      HENRY VINSON, VINSONIAN INVESTMENTS,
      LLC, and THIRTY-FIVE THIRD AVE., LLC,
      Claimants/Intervenors
      By Counsel

By:   s/Paul M. Stroebel
      Paul M. Stroebel, WV Bar No. 5758
      Stroebel & Johnson, PLLC
      P. O. Box 2582
      Charleston, West Virginia 25329
      Telephone: (304) 346-0197
      Fax: (304) 346-6029
      Email: paulstroeb@aol.com